DENNIS, J.,
would grant.
Petitioner’s application for supervisory writs should be granted. The ruling of the court of appeal should be set aside and the case remanded. The court of appeal did not consider the petitioner’s application under state constitutional principles in its effort to adhere to similar rulings of the federal courts. Cf., State v. Spooner, 520 So.2d 336 (La.1988). While careful consideration should be given to pronouncements of the United States Supreme Court’s interpretations of relevant provisions of the federal constitution, the courts of this state are likewise bound to uphold our state constitution and give its provisions proper consideration. See State v. Hernandez, 410 So.2d 1381, 1385 (La.1982). On numerous occasions, this Court has noted that the rights protected under Section 5 are not coextensive with the Fourth Amendment; Section 5 represents a higher standard of individual liberty. See, e.g., State v. Church, 538 So.2d 993 (La.1989); State v. Hernandez, supra; State v. Kinnemann, 337 So.2d 441 (La.1976). The case should be remanded to the court of appeal for it to reconsider petitioner’s application under Louisiana Constitution of 1974, Article 1, Section 5, and the case law thereunder, to determine if the same result would be reached. If the same result does not obtain, the court of appeal should reverse the ruling of the trial court.
CALOGERO, C.J., and WATSON, J., would grant for the reasons assigned by DENNIS, J.